# EXHIBIT A

FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/7/2019 12:31:17 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20193857
HON. LESLIE MILLER



## ARNETT & ARNETT p.c.

ATTORNEYS AT LAW   BROTHERS IN FACT
1120 SOUTH DOBSON ROAD, SUITE 110
CHANDLER, ARIZONA 85286
PHONE (480) 839-4600

Mark W. Arnett
State Bar No. 11375
mark@arizonainsurancelaw.com
Attorneys for the Plaintiffs

IN THE

# Superior Court

## STATE OF ARIZONA

### PIMA COUNTY

---

MARANGO SOUTH LLC, a limited liability company; TIMOTHY M. STEINIGER, an unmarried individual; and GREG MARANTZ, an unmarried individual,

*Plaintiffs*,

vs.

STATE FARM FIRE AND CASUALTY COMPANY, a corporation,

*Defendant*.

NO. CV_____

COMPLAINT

(TORT NON-MOTOR VEHICLE)

---

1    Plaintiffs allege:

### GENERAL ALLEGATIONS

2    1.    At all times mentioned herein, Defendant State Farm Fire and Casualty Company

3    ("State Farm") was authorized and engaged in the business of insurance in Arizona, Pima County.

4    2.    Plaintiff Marango South LLC is a limited liability company registered in Arizona

5    with its principal place of business in Pima County, Arizona.

1       3.    Plaintiffs Timothy M. Steiniger and Greg Marantz are residents of Pima County,

2   Arizona.

3       4.    Pursuant to A.R.S. §12-401(18), actions against insurance companies may be

4   brought in any county in which defendant conducts any business.

5       5.    At all times mentioned herein, the Plaintiffs were insured by State Farm for

6   residential homeowner's insurance, as set forth below:

7       380 S Marango Lane Tucson AZ ("Marango House")    Policy 93-B8-Z706-6

8       9871 E Harmony Lane Tucson AZ ("Harmony I House")    Policy 93-GT-4129-0

9       9891 E Harmony Lane Tucson AZ ("Harmony II House")    Policy 93-B2-C688-7

10      9820 E Amaroso Lane Tucson AZ ("Amaroso House")    Policy 93-GT4127-6

11      1820 S Harrison Rd Tucson AZ ("Harrison House")    Policy C3-B2-C216-7

12      9851 E Sabrena Lane Tucson AZ ("Sabrena House")    Policy 93-B3-H244-2

13      6.    All of the residences listed in Paragraph 5 above suffered damage from a hail storm

14  on or about September 12, 2016.

15      7.    Plaintiffs did not discover the losses until shortly before the second anniversary of

16  the storm.

17      8.    Upon discovery of the storm damage, Plaintiffs promptly submitted claims to State

18  Farm for damage to all of the houses listed in Paragraph 5 above.

19      9.    State Farm accepted all six claims and created scopes of work for the repair of the

20  damage.

21      10.    Plaintiffs let State Farm know of their intention to repair the properties.

22      11.    For each of the six houses, the scope of work prepared by State Farm was

23  incomplete and inaccurate.

24      12.    For each of the six houses, the estimate of the cost of repair prepared by State Farm

25  was less than the amount necessary to complete the repairs.

13.     For each of the houses listed in Paragraph 5 above except Harrison House, State Farm paid the claim based on its lowball estimate of the replacement cost less a deduction for depreciation.

14.     For Harrison House, State Farm paid the replacement cost per its lowball estimate, less the deductible, without withholding any amount for depreciation.

15.     Plaintiffs submitted scopes of work from a roofing contractor that showed the need for more comprehensive and accurate estimates to make proper repairs on all six houses.

16.     State Farm refused to properly adjust its estimates.

17.     When State Farm paid amounts for the claims (except for the Harrison House claim) that included deductions for depreciation, Plaintiffs reminded State Farm that they had replacement cost coverage and asked State Farm how they could obtain the held-back depreciation.

18.     State Farm told the Plaintiffs that it would not be paying the holdback depreciation, claiming that an endorsement to the policies allowed State Farm to pocket the holdback depreciation amounts if the property was not repaired within two years of the date of loss, which deadline had already passed.

19.     All of the insurance policies start with the promise to "pay replacement cost without deduction for depreciation."

20.     While the policies go on to state other requirements regarding replacement cost coverage, the requirement of repairing and/or replacing the property within two years is not contained in the main portion of any of the policies.

21.     The language of the main policy forms reasonably leads an insured to believe that State Farm is going to pay replacement cost without deduction for depreciation without a time limit on completion of repairs.

22.     The policies for Marango House, Harmony I House, and Amaroso House contain an endorsement entitled "EXTRA REPLACEMENT COST COVERAGE ENDORSEMENT"

3

1   (FE-8702). That endorsement deletes the Loss Settlement portion of the main policy, but again

2   promises to pay replacement cost without deduction for depreciation, and similarly does not

3   contain a time limit for completion of repairs in order to recover the depreciation.

4          23.    The main policy language and the endorsement above reasonably lead an insured

5   to believe that State Farm is going to pay replacement cost without deduction for depreciation

6   without limiting such payment to repairs completed within two years from the date of loss.

7          24.    State Farm claimed the right to enforce a two-year rule on all properties (except the

8   Harrison House) based on yet another endorsement entitled "RENTAL DWELLING —

9   AMENDATORY ENDORSEMENT (Arizona)" which amends the main policy and the "EXTRA

10  REPLACEMENT COST COVERAGE ENDORSEMENT."

11         25.    State Farm has claimed the right to pay only the actual cash value and pocket the

12  remaining replacement cost for itself based on the following language:

13         When the repair or replacement is actually completed, we will pay the
14         covered additional amount you actually and necessarily spend to repair or
15         replace the damaged part of the building, or an amount up to the applicable
16         limit of liability shown in the Declarations, whichever is less; and

17         To receive any additional payments on a replacement cost basis, you must
18         complete the actual repair or replacement of the damaged part of the
19         building within two years after the date of loss, and notify us within 30 days
20         after the work has been completed.

21  RENTAL DWELLING — AMENDATORY ENDORSEMENT (Arizona).

22         26.    The two-year limitation in the second part of the language cited above appears to

23  refer to making claims for "additional payments" on a replacement cost basis beyond the amount

24  originally agreed upon, and not the holdback depreciation.

25         27.    State Farm has claimed that it has the right to pocket the replacement cost amounts

26  under this hidden and ambiguous endorsement to an endorsement, even though State Farm did not

4

1  pay the actual cash value for the repairs until almost two years after the date of loss, making it

2  virtually impossible for Plaintiffs to recover the replacement cost coverage promised.

3       28.  Under Arizona law, State Farm is estopped from applying deadlines in the policy

4  when it would be inequitable to enforce them, whether the inequity was caused by State Farm or

5  not.

6       29.  Because State Farm's actual cash value payments were made days before the two-

7  year anniversary of the loss, it would be inequitable to enforce a "two years from the date of loss"

8  deadline.

9       30.  Additionally, under Arizona law, State Farm cannot enforce a two-year limitation

10  because it failed to pay a proper amount for the actual cash value of the loss.

11       31.  Plaintiffs asked State Farm for a reasonable time to complete the repairs in order to

12  recover the depreciation held back by State Farm.

13       32.  State Farm refused any additional time to repair or replace the damaged property.

14       33.  Demand has been made upon State Farm to pay benefits pursuant to the insurance

15  contract and Plaintiffs have fully performed each and every act required to be performed by them

16  in accordance with the terms and conditions of the insurance contract.

17       34.  State Farm intentionally rejected portions of Plaintiffs' claim and refused to pay

18  and continues to refuse to pay the full benefits of the insurance contracts to Plaintiffs' damage.

19       35.  State Farm has breached and continues to breach its duty of good faith and fair

20  dealing owed to Plaintiffs in the following respects:

21            A.  State Farm denied full benefits under the insurance contracts without a

22                reasonable basis for denying benefits, with knowledge or reckless

23                disregard of the lack of a reasonable basis for denying the benefits;

24            B.  State Farm failed in good faith to effectuate prompt, fair, and equitable

25                settlements of Plaintiffs' benefits;

C.   State Farm used terms or provisions in the insurance contracts that are inequitable, misleading, designed to deceive Plaintiffs, and are unconscionable;

D.   State Farm required unreasonably burdensome and unnecessary actions of Plaintiffs to substantiate their claims;

E.   State Farm misrepresented coverage by promising "replacement cost coverage" and led Plaintiffs to believe that they would be paid replacement cost coverage without deduction for depreciation;

F.   State Farm interpreted ambiguous policy provisions in favor of the insurance company to deny the insureds' claim for benefits;

G.   State Farm intentionally failed to provide the insureds with the security and protection from calamity which are the objects of the insurance contract.

36.   Plaintiffs are informed and believe and, therefore, allege that Defendant is in breach and continues to be in breach of its duty of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will seek leave of Court to amend this Complaint at such times as Plaintiffs discover the other acts or omissions of Defendant constituting such breach.

37.   As a proximate result of the wrongful conduct of Defendant, Plaintiffs Timothy M. Steiniger and Greg Marantz have suffered and will continue to suffer anxiety, worry, mental and emotional distress, out-of-pocket expenses, and other consequential damages, all to their general damages.

38.   As a result of the acts of Defendant, Plaintiffs are, and shall continue to be, required to employ legal counsel and to incur financial obligation in an amount presently unknown to Plaintiffs. Plaintiffs are entitled to recover attorney fees pursuant to A.R.S. §12-341.01.

39. The Defendant has acted and will continue to act in such a way as to justify the award of punitive damages.

40. The Plaintiffs demand a jury trial on all counts of this complaint.

41. Plaintiffs' claims for damages satisfy the minimum jurisdictional amount established for filing this action.

42. Plaintiffs' claims for damages are such as to qualify for Tier 2 as defined by Rule 26.2(c)(3).

## COUNT ONE

### (BREACH OF CONTRACT - MARANGO HOUSE)

43. All General Allegations above are incorporated by reference as if fully set forth herein.

44. At the time of the loss, Marango House was owned by Marango House LLC.

45. Plaintiffs Timothy M. Steiniger and Greg Marantz are members and equal owners of Marango House LLC, and therefore they are both insureds under the terms of the Marango House policy.

46. State Farm has breached its contract of insurance on the Marango House, to Plaintiffs' damage.

WHEREFORE, Plaintiffs Marango House LLC, Timothy M. Steiniger, and Greg Marantz pray for judgment against Defendant as follows:

    i.    For a just and reasonable amount as actual contract damages for failure to provide benefits under the Marango House policy;

    ii.    For reasonable attorney fees and costs incurred herein; and

    iii.    For such other and further relief as the Court deems just and proper.

## COUNT TWO

## (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -

## MARANGO HOUSE)

47.     All General Allegations and Count One allegations above are incorporated by reference as if fully set forth herein.

48.     State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Marango House loss, to Plaintiffs' damage.

WHEREFORE, Plaintiffs Marango House LLC, Timothy M. Steiniger, and Greg Marantz pray for judgment against Defendant as follows:

    i.   For a just and reasonable amount as actual damages for failure to provide benefits under the Marango House policy;

    ii.  For a just and reasonable amount as general damages;

    iii. For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

    iv.  For reasonable attorney fees and costs incurred herein; and

    v.   For such other and further relief as the Court deems just and proper.

## COUNT THREE

## (BREACH OF CONTRACT - HARMONY I HOUSE)

49.     All General Allegations above are incorporated by reference as if fully set forth herein.

50.     At the time of the loss, Harmony I House was owned by Timothy M. Steiniger and Greg Marantz.

51.     Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the Harmony I House policy.

52.   State Farm has breached its contract of insurance on the Harmony I House to the damage of Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

    i.   For a just and reasonable amount as actual contract damages for failure to provide benefits under the Harmony I House policy;

    ii.   For reasonable attorney fees and costs incurred herein; and

    iii.   For such other and further relief as the Court deems just and proper.

### COUNT FOUR

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - HARMONY I HOUSE)

53.   All General Allegations and Count Three allegations above are incorporated by reference as if fully set forth herein.

54.   State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Harmony I House loss to the damage of Timothy M. Steiniger, and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

    i.   For a just and reasonable amount as actual damages for failure to provide benefits under the Harmony I House policy;

    ii.   For a just and reasonable amount as general damages;

    iii.   For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

    iv.   For reasonable attorney fees and costs incurred herein; and

    v.   For such other and further relief as the Court deems just and proper.

## COUNT FIVE

### (BREACH OF CONTRACT - HARMONY II HOUSE)

55.    All General Allegations above are incorporated by reference as if fully set forth herein.

56.    At the time of the loss, Harmony II House was owned by Timothy M. Steiniger and Greg Marantz.

57.    Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the Harmony II House policy.

58.    State Farm has breached its contract of insurance on the Harmony II House to the damage of Plaintiffs Timothy M. Steiniger, and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

      i.    For a just and reasonable amount as actual contract damages for failure to provide benefits under the Harmony II House policy;

      ii.    For reasonable attorney fees and costs incurred herein; and

      iii.    For such other and further relief as the Court deems just and proper.

## COUNT SIX

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -
### HARMONY II HOUSE)

59.    All General Allegations and Count Five allegations above are incorporated by reference as if fully set forth herein.

60.    State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Harmony II House loss to the damage of Plaintiffs Timothy M. Steiniger, and Greg Marantz.

10

1    WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment

2    against Defendant as follows:

3         i.    For a just and reasonable amount as actual damages for failure to provide

4               benefits under the Harmony II House policy;

5         ii.   For a just and reasonable amount as general damages;

6         iii.  For punitive and exemplary damages in a just and reasonable amount

7               appropriate to punish Defendant and to deter Defendant and others from

8               engaging in similar conduct in the future;

9         iv.   For reasonable attorney fees and costs incurred herein; and

10        v.    For such other and further relief as the Court deems just and proper.

### COUNT SEVEN

### (BREACH OF CONTRACT - AMAROSO HOUSE)

11       61.   All General Allegations above are incorporated by reference as if fully set forth

12   herein.

13       62.   At the time of the loss, Amaroso House was owned by Timothy M. Steiniger and

14   Greg Marantz.

15       63.   Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the

16   terms of the Amaroso House policy.

17       64.   State Farm has breached its contract of insurance on the Amaroso House to the

18   damage of Plaintiffs Timothy M. Steiniger and Greg Marantz.

19       WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment

20   against Defendant as follows:

21        i.    For a just and reasonable amount as actual contract damages for failure to

22              provide benefits under the Amaroso House policy;

23        ii.   For reasonable attorney fees and costs incurred herein; and

1     iii.    For such other and further relief as the Court deems just and proper.

## COUNT EIGHT

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - AMAROSO HOUSE)

2    65.    All General Allegations and Count Seven allegations above are incorporated by 3 reference as if fully set forth herein.

4    66.    State Farm has breached its duty of good faith and fair dealing owed to the insureds 5 regarding the Amaroso House loss to the damage of Plaintiffs Timothy M. Steiniger, and Greg 6 Marantz.

7    WHEREFORE, Timothy M. Steiniger and Greg Marantz pray for judgment against 8 Defendant as follows:

9    i.    For a just and reasonable amount as actual damages for failure to provide 10    benefits under the Amaroso House policy;

11    ii.    For a just and reasonable amount as general damages;

12    iii.    For punitive and exemplary damages in a just and reasonable amount 13    appropriate to punish Defendant and to deter Defendant and others from 14    engaging in similar conduct in the future;

15    iv.    For reasonable attorney fees and costs incurred herein; and

16    v.    For such other and further relief as the Court deems just and proper.

## COUNT NINE

### (BREACH OF CONTRACT - HARRISON HOUSE)

17    67.    All General Allegations above are incorporated by reference as if fully set forth 18 herein.

19    68.    At the time of the loss, Harrison House was owned by Timothy M. Steiniger and 20 Greg Marantz.

12

69.     Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the terms of the Harrison House policy.

70.     State Farm has breached its contract of insurance on the Harrison House to the damage of Plaintiffs Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

    i.    For a just and reasonable amount as actual contract damages for failure to provide benefits under the Harrison House policy;

    ii.    For reasonable attorney fees and costs incurred herein; and

    iii.    For such other and further relief as the Court deems just and proper.

## COUNT TEN

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - HARRISON HOUSE)

71.     All General Allegations and Count Nine allegations above are incorporated by reference as if fully set forth herein.

72.     State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Harrison House loss to the damage of Plaintiffs Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

    i.    For a just and reasonable amount as actual damages for failure to provide benefits under the Harrison House policy;

    ii.    For a just and reasonable amount as general damages;

13

iii.   For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

iv.   For reasonable attorney fees and costs incurred herein; and

v.   For such other and further relief as the Court deems just and proper.

### COUNT ELEVEN

### (BREACH OF CONTRACT - SABRENA HOUSE)

73.   All General Allegations above are incorporated by reference as if fully set forth herein.

74.   At the time of the September 12, 2016, storm loss, Sabrena House was owned by Greg Marantz.

75.   Plaintiff Greg Marantz is a named insured under the terms of the Sabrena House policy.

76.   State Farm has breached its contract of insurance on the Sabrena House to the damage of Plaintiff Greg Marantz.

WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

i.   For a just and reasonable amount as actual contract damages for failure to provide benefits under the Sabrena House policy;

ii.   For reasonable attorney fees and costs incurred herein; and

iii.   For such other and further relief as the Court deems just and proper.

### COUNT TWELVE

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -
### SABRENA HOUSE)

77.   All General Allegations and Count Eleven allegations above are incorporated by reference as if fully set forth herein.

14

78.     State Farm has breached its duty of good faith and fair dealing owed to the insured regarding the Sabrena House storm loss to the damage of Plaintiff Greg Marantz.

WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

    i.   For a just and reasonable amount as actual damages for failure to provide benefits under the Sabrena House policy;

    ii.  For a just and reasonable amount as general damages;

    iii. For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

    iv.  For reasonable attorney fees and costs incurred herein; and

    v.   For such other and further relief as the Court deems just and proper.

## COUNT THIRTEEN

### (BREACH OF CONTRACT - SABRENA HOUSE)

79.     All General Allegations above are incorporated by reference as if fully set forth herein.

80.     On or about August 20, 2018, the Sabrena House sustained a covered water damage loss.

81.     At the time of the August 20, 2018, loss, the Sabrena House was owned by Greg Marantz.

82.     Plaintiff Greg Marantz is the named insured under the terms of the Sabrena House policy.

83.     State Farm accepted the claim as a covered loss.

84.     The scope of work prepared by State Farm was inadequate to complete repairs.

85.     The estimate of the cost of repair prepared by State Farm was less than required to complete the repairs.

15

86. Plaintiff Greg Marantz let State Farm know of his intention to repair the house.

87. State Farm paid the claim based on its lowball estimate of the replacement cost less a deduction for depreciation.

88. State Farm has breached its contract of insurance on the Sabrena House, to the damage of Plaintiff Greg Marantz by failing to pay and/or agree to pay an amount sufficient to complete the covered repairs.

WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

    i. For a just and reasonable amount as actual contract damages for failure to provide benefits under the Sabrena House policy;

    ii. For reasonable attorney fees and costs incurred herein; and

    iii. For such other and further relief as the Court deems just and proper.

**COUNT FOURTEEN**

**(BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -**

**SABRENA HOUSE)**

89. All General Allegations and Count Thirteen allegations above are incorporated by reference as if fully set forth herein.

90. State Farm has breached its duty of good faith and fair dealing owed to the insured regarding the Sabrena House water damage loss to the damage of Plaintiff Greg Marantz.

91. Demand has been made upon State Farm to pay benefits pursuant to the insurance contract and Plaintiff has fully performed each and every act required to be performed by him in accordance with the terms and conditions of the insurance contract.

92. State Farm has intentionally rejected portions of Plaintiff Greg Marantz's claim and refused to pay and continues to refuse to pay the full benefits of the insurance contract to his damage.

93.   State Farm has breached and continue to breach its duty of good faith and fair dealing owed to Plaintiff in the following respects:

    A.   State Farm denied full benefits under the insurance contract without a reasonable basis for denying benefits, with knowledge or reckless disregard of the lack of a reasonable basis for denying the benefits;

    B.   State Farm failed in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's benefits;

    C.   State Farm intentionally failed to provide the insured with the security and protection from calamity which are the objects of the insurance contract.

94.   Plaintiff is informed and believes and, therefore, alleges that Defendant is in breach and continues to be in breach of its duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of Court to amend this Complaint at such times as Plaintiff discovers the other acts or omissions of Defendant constituting such breach.

95.   As a proximate result of the wrongful conduct of Defendant, Plaintiff Greg Marantz has suffered and will continue to suffer anxiety, worry, mental and emotional distress, out-of-pocket expenses, and other consequential damages, all to his general damages.

96.   As a result of the acts of Defendant, Plaintiff Greg Marantz is, and shall continue to be, required to employ legal counsel and to incur financial obligation in an amount presently unknown to him. Plaintiff Greg Marantz is entitled to recover attorney fees pursuant to A.R.S. §12-341.01.

97.   The Defendant has acted and will continue to act in such a way as to justify the award of punitive damages.

WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

17

i.    For a just and reasonable amount as actual damages for failure to provide benefits under the Sabrena House policy;

ii.    For a just and reasonable amount as general damages;

iii.    For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

iv.    For reasonable attorney fees and costs incurred herein; and

v.    For such other and further relief as the Court deems just and proper.

DATED this 7th day of August, 2019.

ARNETT & ARNETT
/s/ Mark W. Arnett (#011375)
1120 South Dobson Road • Suite 110
Chandler, Arizona 85286
Attorneys for the Plaintiffs

# EXHIBIT B

Person/Attorney Filing: Mark W Arnett
Mailing Address: 1120 S Dobson Rd., Suite 110
City, State, Zip Code: Chandler, AZ 85286
Phone Number: (480) 839-4600
E-Mail Address: mark@arizonainsurancelaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011375, Issuing State: AZ

STATE OF ARIZONA
DEPT. OF INSURANCE

AUG 1 3 2019

TIME ____11:00 am____
SERVICE OF PROCESS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Marango South LLC, et al.
Plaintiff(s),
v.
State Farm Fire and Casualty
Company
Defendant(s).

Case No.  C20193857

**SUMMONS**

HON. LESLIE MILLER

To: State Farm Fire and Casualty Company

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #3882365

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 8/7/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
            Deputy Clerk

AZturboCourt.gov Form Set #3582365

2

**In the Superior Court of the State of Arizona**
**In and For the County of** Pima

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Mark W Arnett

Attorney Bar Number 011375, AZ

Plaintiff's Name(s): (List all)
Marango South LLC

FILED
Gary Harrison
CLERK. SUPERIOR COURT

8/7/2019 12:31:17 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20193857
HON. LESLIE MILLER

Plaintiff's Address:
1820 S. Harrison Road, Tucson AZ

85748

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) State Farm Fire and Casualty Company

(List additional defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death

**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☒ Other (Specify) Insurance Bad Faith

**MEDICAL MALPRACTICE:**
☐ Physician M.D.        ☐ Hospital
☐ Physician D.O          ☐ Other

**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
        ☐ Six to Nineteen Structures
        ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
☐ Eviction Actions (Forcible and Special Detainers)
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title

AZturboCourt.gov Form Set /2582365

☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights (Not General Stream Adjudication)
☐ Real Property
☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (A.R.S. §§1-501,
1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus

☐ Landlord Tenant Dispute- Other
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Verified Rule 45.2 Petition
☐ Other (Specify) _____

## RULE 26.2 DISCOVERY TIER OR AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $_____       ☐ Tier 1      ☒ Tier 2      ☐ Tier 3

**EMERGENCY ORDER SOUGHT:**
☐ Temporary Restraining Order      ☐ Provisional Remedy      ☐ OSC      ☐ Election Challenge
☐ Employer Sanction                ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the commercial court under Rule 8.1, and plaintiff requests assignment of this case to the commercial court. More information on the commercial court, including the most recent forms, are available on the court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

Additional Plaintiff(s)
Timothy M Steiniger, 1820 S. Harrison Road, Tucson AZ 85748

Greg Marantz, 1820 S Harrison Road, Tucson AZ 85748

Additional Defendant(s)

_____

_____

AZTurboCourt.gov Form Set #5682365

Attachment Page __1__ (of __1__ )

To <u>Civil Cover Sheet</u>

**ATTORNEY INFORMATION:**
ATTORNEY FILING:
Mark W Arnett
Bar Number: 011375, Issuing State: AZ
Law Firm: Arnett & Arnett, PC
Address: 1120 S Dobson Rd., Suite 110

Chandler, AZ 85286
Telephone Number: (480) 839-4600
Email: mark@arizonainsurancelaw.com


**ATTACHED DOCUMENTS LIST:**
Summons - Defendant #1
Complaint

AZturboCourt.gov Form Set #3662385

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

PERSON/ATTORNEY FILING: Mark W Arnett
MAILING ADDRESS: 1120 S Dobson Rd., Suite 110
CITY, STATE, ZIP CODE: Chandler, AZ 85286
PHONE NUMBER: (480) 839-4600
E-MAIL ADDRESS: mark@arizonainsurancelaw.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 011375, Issuing State: AZ

FILED
Gary Harrison
CLERK, SUPERIOR COURT

8/7/2019 12:31:17 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20193857
HON. LESLIE MILLER

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Marango South LLC, et al.
Plaintiff(s),

V.

State Farm Fire and Casualty
Company
Defendant(s).

CASE NO: _____

**RULE 102(a) FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b)

and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: _____

Mark W Arnett /s/
_____
SIGNATURE

AZturboCourt.gov Form Set #2682865



**ARIZONA DEPARTMENT OF INSURANCE**
100 North 15th Avenue, Suite 102
Phoenix, Arizona 85007-2624



CERTIFIED MAIL

7019 0140 0000 9748 5760

STATE FARM FIRE AND CASUALTY COMPANY
C/O CORPORATION SERVICE COMPANY
8825 North 23rd Avenue, Suite 100
PHOENIX, AZ 85021

FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/7/2019 12:31:17 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20193857
HON. LESLIE MILLER



## ARNETT & ARNETT P.C.
ATTORNEYS AT LAW    BROTHERS IN FACT
1120 SOUTH DOBSON ROAD, SUITE 110
CHANDLER, ARIZONA 85286
PHONE (480) 839-4600

Mark W. Arnett
State Bar No. 11375
mark@arizonainsurancelaw.com
Attorneys for the Plaintiffs

IN THE
## Superior Court
### STATE OF ARIZONA
PIMA COUNTY

| | |
|---|---|
| MARANGO SOUTH LLC, a limited liability company; TIMOTHY M. STEINIGER, an unmarried individual; and GREG MARANTZ, an unmarried individual,<br><br>*Plaintiffs*,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a corporation,<br><br>*Defendant*. | NO. CV_____<br><br>COMPLAINT<br><br>(TORT NON-MOTOR VEHICLE) |

1    Plaintiffs allege:

### GENERAL ALLEGATIONS

2      1.    At all times mentioned herein, Defendant State Farm Fire and Casualty Company

3    ("State Farm") was authorized and engaged in the business of insurance in Arizona, Pima County.

4      2.    Plaintiff Marango South LLC is a limited liability company registered in Arizona

5    with its principal place of business in Pima County, Arizona.

3.      Plaintiffs Timothy M. Steiniger and Greg Marantz are residents of Pima County, Arizona.

4.      Pursuant to A.R.S. §12-401(18), actions against insurance companies may be brought in any county in which defendant conducts any business.

5.      At all times mentioned herein, the Plaintiffs were insured by State Farm for residential homeowner's insurance, as set forth below:

380 S Marango Lane Tucson AZ ("Marango House")       Policy 93-B8-Z706-6

9871 E Harmony Lane Tucson AZ ("Harmony I House")     Policy 93-GT-4129-0

9891 E Harmony Lane Tucson AZ ("Harmony II House")    Policy 93-B2-C688-7

9820 E Amaroso Lane Tucson AZ ("Amaroso House")       Policy 93-GT4127-6

1820 S Harrison Rd Tucson AZ ("Harrison House")       Policy C3-B2-C216-7

9851 E Sabrena Lane Tucson AZ ("Sabrena House")       Policy 93-B3-H244-2

6.      All of the residences listed in Paragraph 5 above suffered damage from a hail storm on or about September 12, 2016.

7.      Plaintiffs did not discover the losses until shortly before the second anniversary of the storm.

8.      Upon discovery of the storm damage, Plaintiffs promptly submitted claims to State Farm for damage to all of the houses listed in Paragraph 5 above.

9.      State Farm accepted all six claims and created scopes of work for the repair of the damage.

10.     Plaintiffs let State Farm know of their intention to repair the properties.

11.     For each of the six houses, the scope of work prepared by State Farm was incomplete and inaccurate.

12.     For each of the six houses, the estimate of the cost of repair prepared by State Farm was less than the amount necessary to complete the repairs.

2

13.     For each of the houses listed in Paragraph 5 above except Harrison House, State Farm paid the claim based on its lowball estimate of the replacement cost less a deduction for depreciation.

14.     For Harrison House, State Farm paid the replacement cost per its lowball estimate, less the deductible, without withholding any amount for depreciation.

15.     Plaintiffs submitted scopes of work from a roofing contractor that showed the need for more comprehensive and accurate estimates to make proper repairs on all six houses.

16.     State Farm refused to properly adjust its estimates.

17.     When State Farm paid amounts for the claims (except for the Harrison House claim) that included deductions for depreciation, Plaintiffs reminded State Farm that they had replacement cost coverage and asked State Farm how they could obtain the held-back depreciation.

18.     State Farm told the Plaintiffs that it would not be paying the holdback depreciation, claiming that an endorsement to the policies allowed State Farm to pocket the holdback depreciation amounts if the property was not repaired within two years of the date of loss, which deadline had already passed.

19.     All of the insurance policies start with the promise to "pay replacement cost without deduction for depreciation."

20.     While the policies go on to state other requirements regarding replacement cost coverage, the requirement of repairing and/or replacing the property within two years is not contained in the main portion of any of the policies.

21.     The language of the main policy forms reasonably leads an insured to believe that State Farm is going to pay replacement cost without deduction for depreciation without a time limit on completion of repairs.

22.     The policies for Marango House, Harmony I House, and Amaroso House contain an endorsement entitled "EXTRA REPLACEMENT COST COVERAGE ENDORSEMENT"

(FE-8702). That endorsement deletes the Loss Settlement portion of the main policy, but again promises to pay replacement cost without deduction for depreciation, and similarly does not contain a time limit for completion of repairs in order to recover the depreciation.

23. The main policy language and the endorsement above reasonably lead an insured to believe that State Farm is going to pay replacement cost without deduction for depreciation without limiting such payment to repairs completed within two years from the date of loss.

24. State Farm claimed the right to enforce a two-year rule on all properties (except the Harrison House) based on yet another endorsement entitled "RENTAL DWELLING — AMENDATORY ENDORSEMENT (Arizona)" which amends the main policy and the "EXTRA REPLACEMENT COST COVERAGE ENDORSEMENT."

25. State Farm has claimed the right to pay only the actual cash value and pocket the remaining replacement cost for itself based on the following language:

> When the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the building, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less; and

> To receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the building within two years after the date of loss, and notify us within 30 days after the work has been completed.

RENTAL DWELLING — AMENDATORY ENDORSEMENT (Arizona).

26. The two-year limitation in the second part of the language cited above appears to refer to making claims for "additional payments" on a replacement cost basis beyond the amount originally agreed upon, and not the holdback depreciation.

27. State Farm has claimed that it has the right to pocket the replacement cost amounts under this hidden and ambiguous endorsement to an endorsement, even though State Farm did not

4

1   pay the actual cash value for the repairs until almost two years after the date of loss, making it
2   virtually impossible for Plaintiffs to recover the replacement cost coverage promised.

3       28.   Under Arizona law, State Farm is estopped from applying deadlines in the policy
4   when it would be inequitable to enforce them, whether the inequity was caused by State Farm or
5   not.

6       29.   Because State Farm's actual cash value payments were made days before the two-
7   year anniversary of the loss, it would be inequitable to enforce a "two years from the date of loss"
8   deadline.

9       30.   Additionally, under Arizona law, State Farm cannot enforce a two-year limitation
10  because it failed to pay a proper amount for the actual cash value of the loss.

11      31.   Plaintiffs asked State Farm for a reasonable time to complete the repairs in order to
12  recover the depreciation held back by State Farm.

13      32.   State Farm refused any additional time to repair or replace the damaged property.

14      33.   Demand has been made upon State Farm to pay benefits pursuant to the insurance
15  contract and Plaintiffs have fully performed each and every act required to be performed by them
16  in accordance with the terms and conditions of the insurance contract.

17      34.   State Farm intentionally rejected portions of Plaintiffs' claim and refused to pay
18  and continues to refuse to pay the full benefits of the insurance contracts to Plaintiffs' damage.

19      35.   State Farm has breached and continues to breach its duty of good faith and fair
20  dealing owed to Plaintiffs in the following respects:

21          A.   State Farm denied full benefits under the insurance contracts without a
22             reasonable basis for denying benefits, with knowledge or reckless
23             disregard of the lack of a reasonable basis for denying the benefits;
24          B.   State Farm failed in good faith to effectuate prompt, fair, and equitable
25             settlements of Plaintiffs' benefits;

5

C.   State Farm used terms or provisions in the insurance contracts that are inequitable, misleading, designed to deceive Plaintiffs, and are unconscionable;

D.   State Farm required unreasonably burdensome and unnecessary actions of Plaintiffs to substantiate their claims;

E.   State Farm misrepresented coverage by promising "replacement cost coverage" and led Plaintiffs to believe that they would be paid replacement cost coverage without deduction for depreciation;

F.   State Farm interpreted ambiguous policy provisions in favor of the insurance company to deny the insureds' claim for benefits;

G.   State Farm intentionally failed to provide the insureds with the security and protection from calamity which are the objects of the insurance contract.

36.   Plaintiffs are informed and believe and, therefore, allege that Defendant is in breach and continues to be in breach of its duty of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will seek leave of Court to amend this Complaint at such times as Plaintiffs discover the other acts or omissions of Defendant constituting such breach.

37.   As a proximate result of the wrongful conduct of Defendant, Plaintiffs Timothy M. Steiniger and Greg Marantz have suffered and will continue to suffer anxiety, worry, mental and emotional distress, out-of-pocket expenses, and other consequential damages, all to their general damages.

38.   As a result of the acts of Defendant, Plaintiffs are, and shall continue to be, required to employ legal counsel and to incur financial obligation in an amount presently unknown to Plaintiffs. Plaintiffs are entitled to recover attorney fees pursuant to A.R.S. §12-341.01.

6

39.    The Defendant has acted and will continue to act in such a way as to justify the award of punitive damages.

40.    The Plaintiffs demand a jury trial on all counts of this complaint.

41.    Plaintiffs' claims for damages satisfy the minimum jurisdictional amount established for filing this action.

42.    Plaintiffs' claims for damages are such as to qualify for Tier 2 as defined by Rule 26.2(c)(3).

**COUNT ONE**

**(BREACH OF CONTRACT - MARANGO HOUSE)**

43.    All General Allegations above are incorporated by reference as if fully set forth herein.

44.    At the time of the loss, Marango House was owned by Marango House LLC.

45.    Plaintiffs Timothy M. Steiniger and Greg Marantz are members and equal owners of Marango House LLC, and therefore they are both insureds under the terms of the Marango House policy.

46.    State Farm has breached its contract of insurance on the Marango House, to Plaintiffs' damage.

WHEREFORE, Plaintiffs Marango House LLC, Timothy M. Steiniger, and Greg Marantz pray for judgment against Defendant as follows:

      i.    For a just and reasonable amount as actual contract damages for failure to provide benefits under the Marango House policy;

      ii.    For reasonable attorney fees and costs incurred herein; and

      iii.    For such other and further relief as the Court deems just and proper.

## COUNT TWO

## (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -

## MARANGO HOUSE)

47.     All General Allegations and Count One allegations above are incorporated by reference as if fully set forth herein.

48.     State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Marango House loss, to Plaintiffs' damage.

WHEREFORE, Plaintiffs Marango House LLC, Timothy M. Steiniger, and Greg Marantz pray for judgment against Defendant as follows:

     i.   For a just and reasonable amount as actual damages for failure to provide benefits under the Marango House policy;

    ii.   For a just and reasonable amount as general damages;

   iii.  For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

   iv.  For reasonable attorney fees and costs incurred herein; and

    v.  For such other and further relief as the Court deems just and proper.

## COUNT THREE

## (BREACH OF CONTRACT - HARMONY I HOUSE)

49.     All General Allegations above are incorporated by reference as if fully set forth herein.

50.     At the time of the loss, Harmony I House was owned by Timothy M. Steiniger and Greg Marantz.

51.     Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the Harmony I House policy.

8

52. State Farm has breached its contract of insurance on the Harmony I House to the damage of Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

        i.    For a just and reasonable amount as actual contract damages for failure to provide benefits under the Harmony I House policy;

        ii.   For reasonable attorney fees and costs incurred herein; and

        iii.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR

## (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - HARMONY I HOUSE)

53. All General Allegations and Count Three allegations above are incorporated by reference as if fully set forth herein.

54. State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Harmony I House loss to the damage of Timothy M. Steiniger, and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

        i.    For a just and reasonable amount as actual damages for failure to provide benefits under the Harmony I House policy;

        ii.   For a just and reasonable amount as general damages;

        iii.  For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

        iv.  For reasonable attorney fees and costs incurred herein; and

        v.   For such other and further relief as the Court deems just and proper.

## COUNT FIVE

### (BREACH OF CONTRACT - HARMONY II HOUSE)

1    55.    All General Allegations above are incorporated by reference as if fully set forth

2  herein.

3    56.    At the time of the loss, Harmony II House was owned by Timothy M. Steiniger and

4  Greg Marantz.

5    57.    Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the

6  Harmony II House policy.

7    58.    State Farm has breached its contract of insurance on the Harmony II House to the

8  damage of Plaintiffs Timothy M. Steiniger, and Greg Marantz.

9    WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment

10  against Defendant as follows:

11        i.    For a just and reasonable amount as actual contract damages for failure to

12            provide benefits under the Harmony II House policy;

13        ii.    For reasonable attorney fees and costs incurred herein; and

14        iii.    For such other and further relief as the Court deems just and proper.

### COUNT SIX

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -

### HARMONY II HOUSE)

15    59.    All General Allegations and Count Five allegations above are incorporated by

16  reference as if fully set forth herein.

17    60.    State Farm has breached its duty of good faith and fair dealing owed to the insureds

18  regarding the Harmony II House loss to the damage of Plaintiffs Timothy M. Steiniger, and Greg

19  Marantz.

10

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

       i.    For a just and reasonable amount as actual damages for failure to provide benefits under the Harmony II House policy;

      ii.    For a just and reasonable amount as general damages;

    iii.    For punitive and exemplary damages in a just and reasonable amount appropriate to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future;

     iv.    For reasonable attorney fees and costs incurred herein; and

      v.    For such other and further relief as the Court deems just and proper.

**COUNT SEVEN**

**(BREACH OF CONTRACT - AMAROSO HOUSE)**

61. All General Allegations above are incorporated by reference as if fully set forth herein.

62. At the time of the loss, Amaroso House was owned by Timothy M. Steiniger and Greg Marantz.

63. Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the terms of the Amaroso House policy.

64. State Farm has breached its contract of insurance on the Amaroso House to the damage of Plaintiffs Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

       i.    For a just and reasonable amount as actual contract damages for failure to provide benefits under the Amaroso House policy;

      ii.    For reasonable attorney fees and costs incurred herein; and

1     iii. For such other and further relief as the Court deems just and proper.

## COUNT EIGHT

## (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -
## AMAROSO HOUSE)

2    65. All General Allegations and Count Seven allegations above are incorporated by
3 reference as if fully set forth herein.

4    66. State Farm has breached its duty of good faith and fair dealing owed to the insureds
5 regarding the Amaroso House loss to the damage of Plaintiffs Timothy M. Steiniger, and Greg
6 Marantz.

7    WHEREFORE, Timothy M. Steiniger and Greg Marantz pray for judgment against
8 Defendant as follows:

9     i. For a just and reasonable amount as actual damages for failure to provide
10      benefits under the Amaroso House policy;

11     ii. For a just and reasonable amount as general damages;

12     iii. For punitive and exemplary damages in a just and reasonable amount
13      appropriate to punish Defendant and to deter Defendant and others from
14      engaging in similar conduct in the future;

15     iv. For reasonable attorney fees and costs incurred herein; and

16     v. For such other and further relief as the Court deems just and proper.

## COUNT NINE

## (BREACH OF CONTRACT - HARRISON HOUSE)

17    67. All General Allegations above are incorporated by reference as if fully set forth
18 herein.

19    68. At the time of the loss, Harrison House was owned by Timothy M. Steiniger and
20 Greg Marantz.

69.     Plaintiffs Timothy M. Steiniger and Greg Marantz are named insureds under the terms of the Harrison House policy.

70.     State Farm has breached its contract of insurance on the Harrison House to the damage of Plaintiffs Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

     i.     For a just and reasonable amount as actual contract damages for failure to provide benefits under the Harrison House policy;

     ii.    For reasonable attorney fees and costs incurred herein; and

     iii.   For such other and further relief as the Court deems just and proper.

## COUNT TEN

## (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - HARRISON HOUSE)

71.     All General Allegations and Count Nine allegations above are incorporated by reference as if fully set forth herein.

72.     State Farm has breached its duty of good faith and fair dealing owed to the insureds regarding the Harrison House loss to the damage of Plaintiffs Timothy M. Steiniger and Greg Marantz.

WHEREFORE, Plaintiffs Timothy M. Steiniger and Greg Marantz pray for judgment against Defendant as follows:

     i.     For a just and reasonable amount as actual damages for failure to provide benefits under the Harrison House policy;

     ii.    For a just and reasonable amount as general damages;

1          iii.    For punitive and exemplary damages in a just and reasonable amount
2               appropriate to punish Defendant and to deter Defendant and others from
3               engaging in similar conduct in the future;
4          iv.    For reasonable attorney fees and costs incurred herein; and
5          v.    For such other and further relief as the Court deems just and proper.

### COUNT ELEVEN

### (BREACH OF CONTRACT - SABRENA HOUSE)

6    73.    All General Allegations above are incorporated by reference as if fully set forth
7    herein.

8    74.    At the time of the September 12, 2016, storm loss, Sabrena House was owned by
9    Greg Marantz.

10   75.    Plaintiff Greg Marantz is a named insured under the terms of the Sabrena House
11   policy.

12   76.    State Farm has breached its contract of insurance on the Sabrena House to the
13   damage of Plaintiff Greg Marantz.

14   WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

15         i.    For a just and reasonable amount as actual contract damages for failure to
16              provide benefits under the Sabrena House policy;

17         ii.    For reasonable attorney fees and costs incurred herein; and

18         iii.    For such other and further relief as the Court deems just and proper.

### COUNT TWELVE

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING - SABRENA HOUSE)

19   77.    All General Allegations and Count Eleven allegations above are incorporated by
20   reference as if fully set forth herein.

14

1    78.    State Farm has breached its duty of good faith and fair dealing owed to the insured

2    regarding the Sabrena House storm loss to the damage of Plaintiff Greg Marantz.

3    WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

4        i.    For a just and reasonable amount as actual damages for failure to provide

5              benefits under the Sabrena House policy;

6        ii.   For a just and reasonable amount as general damages;

7        iii.  For punitive and exemplary damages in a just and reasonable amount

8              appropriate to punish Defendant and to deter Defendant and others from

9              engaging in similar conduct in the future;

10       iv.   For reasonable attorney fees and costs incurred herein; and

11       v.    For such other and further relief as the Court deems just and proper.

### COUNT THIRTEEN

### (BREACH OF CONTRACT - SABRENA HOUSE)

12   79.    All General Allegations above are incorporated by reference as if fully set forth

13   herein.

14   80.    On or about August 20, 2018, the Sabrena House sustained a covered water damage

15   loss.

16   81.    At the time of the August 20, 2018, loss, the Sabrena House was owned by Greg

17   Marantz.

18   82.    Plaintiff Greg Marantz is the named insured under the terms of the Sabrena House

19   policy.

20   83.    State Farm accepted the claim as a covered loss.

21   84.    The scope of work prepared by State Farm was inadequate to complete repairs.

22   85.    The estimate of the cost of repair prepared by State Farm was less than required to

23   complete the repairs.

15

1    86.    Plaintiff Greg Marantz let State Farm know of his intention to repair the house.

2    87.    State Farm paid the claim based on its lowball estimate of the replacement cost less

3    a deduction for depreciation.

4    88.    State Farm has breached its contract of insurance on the Sabrena House, to the

5    damage of Plaintiff Greg Marantz by failing to pay and/or agree to pay an amount sufficient to

6    complete the covered repairs.

7    WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

8         i.    For a just and reasonable amount as actual contract damages for failure to

9              provide benefits under the Sabrena House policy;

10        ii.   For reasonable attorney fees and costs incurred herein; and

11        iii.  For such other and further relief as the Court deems just and proper.

### COUNT FOURTEEN

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING -

### SABRENA HOUSE)

12   89.    All General Allegations and Count Thirteen allegations above are incorporated by

13   reference as if fully set forth herein.

14   90.    State Farm has breached its duty of good faith and fair dealing owed to the insured

15   regarding the Sabrena House water damage loss to the damage of Plaintiff Greg Marantz.

16   91.    Demand has been made upon State Farm to pay benefits pursuant to the insurance

17   contract and Plaintiff has fully performed each and every act required to be performed by him in

18   accordance with the terms and conditions of the insurance contract.

19   92.    State Farm has intentionally rejected portions of Plaintiff Greg Marantz's claim and

20   refused to pay and continues to refuse to pay the full benefits of the insurance contract to his

21   damage.

16

1    93.    State Farm has breached and continue to breach its duty of good faith and fair
2  dealing owed to Plaintiff in the following respects:

3              A.    State Farm denied full benefits under the insurance contract without a
4                    reasonable basis for denying benefits, with knowledge or reckless
5                    disregard of the lack of a reasonable basis for denying the benefits;

6              B.    State Farm failed in good faith to effectuate a prompt, fair, and equitable
7                    settlement of Plaintiff's benefits;

8              C.    State Farm intentionally failed to provide the insured with the security and
9                    protection from calamity which are the objects of the insurance contract.

10    94.    Plaintiff is informed and believes and, therefore, alleges that Defendant is in breach
11  and continues to be in breach of its duty of good faith and fair dealing owed to Plaintiff by other
12  acts or omissions of which Plaintiff is presently unaware.  Plaintiff will seek leave of Court to
13  amend this Complaint at such times as Plaintiff discovers the other acts or omissions of Defendant
14  constituting such breach.

15    95.    As a proximate result of the wrongful conduct of Defendant, Plaintiff Greg Marantz
16  has suffered and will continue to suffer anxiety, worry, mental and emotional distress, out-of-
17  pocket expenses, and other consequential damages, all to his general damages.

18    96.    As a result of the acts of Defendant, Plaintiff Greg Marantz is, and shall continue
19  to be, required to employ legal counsel and to incur financial obligation in an amount presently
20  unknown to him.  Plaintiff Greg Marantz is entitled to recover attorney fees pursuant to A.R.S.
21  §12-341.01.

22    97.    The Defendant has acted and will continue to act in such a way as to justify the
23  award of punitive damages.

24          WHEREFORE, Plaintiff Greg Marantz prays for judgment against Defendant as follows:

1    i.    For a just and reasonable amount as actual damages for failure to provide

2          benefits under the Sabrena House policy;

3    ii.   For a just and reasonable amount as general damages;

4    iii.  For punitive and exemplary damages in a just and reasonable amount

5          appropriate to punish Defendant and to deter Defendant and others from

6          engaging in similar conduct in the future;

7    iv.   For reasonable attorney fees and costs incurred herein; and

8    v.    For such other and further relief as the Court deems just and proper.

9    DATED this 7th day of August, 2019.

10                                        ARNETT & ARNETT
11                                        /s/ Mark W. Arnett (#011375)
12                                        1120 South Dobson Road • Suite 110
13                                        Chandler, Arizona 85286
14                                        Attorneys for the Plaintiffs

18